GLICKSTEIN, Judge,
concurring spécially.
I write because, in my view, the special concurrence by a panelist to the per curiam affirmance in the direct appeal became a red herring in the proceedings on this motion at the trial level. See Poly v. State, 466 So.2d 423 (Fla. 4th DCA 1985). The issues involved in the direct appeal are not the issues in the collateral attack on the ground of ineffective assistance of counsel.
The value judgments expressed in the direct appeal by that appellate panel are no more relevant to the issue here than those reflected in the direct appeal of Peterson v. State, 376 So.2d 1230 (Fla. 4th DCA 1979), cert. denied, 386 So.2d 642 (Fla.1980), a case in which the prosecutor had made a number of remarks — some to which objection was made and some to which none was made. The Peterson panel and the Poly panel not only had the obligation to consider each remark individually but also to consider all of the remarks collectively. The Peterson panel expressly did that; and I assume the Poly panel did the same, although the concurrence addresses only one of the remarks.
When this petition was filed, the state relied upon the panelist’s concurrence, particularly the word “fundamental” which appeared therein, as did the trial court in its order. In my judgment, the state, defend *124 ant and trial court should disregard the characterization of the errors and criticism of the prosecutor in the concurrence and should concentrate upon any future sworn allegations in light of the governing authority cited by the trial court in its order; namely, Knight v. State, 394 So.2d 997 (Fla.1981), and Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).